FILED
U.S. DISTRICT COURT

2016 APR -6 P 3: 38

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

Debra Gomez
5730 S 900 E # 12
Salt Lake City, UT 84121
debragomezinutah@gmail.com
*Appearing Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, <br> Plaintiff, <br><br> vs. <br><br> DEBRA GOMEZ, KAYLYNN GYGI, MICHAEL HILL, ANGIE HORTON, AND JOHN DOE/JANE DOE OCCUPANT <br> Defendants. | NOTICE OF REMOVAL <br><br> Case: 2:16cv00276 <br> Assigned To : Wells, Brooke C. <br> Assign. Date : 4/6/2016 <br> Description: Carrington Mortgage Services v. Gomez et al <br><br> [Utah State Court Case No. 15-0909096] |

Defendant Debra Gomez, pursuant to 11 U.S.C., and in accordance with 28 U.S.C. §§ 1441 and 1446, hereby removes the action described below to the United States District Court for the District of Utah. In support, Defendant states as follows:

### **BACKGROUND**

1.    On or about December 29, 2015, Plaintiff filed a Complaint in the Third District Court-Salt Lake Department, Utah County, State of Utah, Case No. 15-0909096.

2.      The Complaint purports to state a cause of action for unlawful detainer with some rent

damages and unspecified damages for property claims.  It seeks an order in Plaintiff's favor as

against Defendants for an order of restitution.

## REMOVAL FROM STATE COURT MAY BE TIMELY EVEN AFTER 30 DAYS FROM
## THE SERVICE OF A COMPLAINT

The U.S. Court of Appeals for the Second Circuit recently held that the time for removal

of a State Court action to Federal Court is calculated from the service of the first paper stating on

its face the amount of damages sought. In Moltner v. Starbucks Coffee Co., (No. 094943-cv (2d

Cir., November 2, 2010)), a 76 year old female plaintiff, Rachel Moltner, purchased a "venti"

sized cup of tea at a Starbucks Coffee Co. ("Starbucks") location. Ms. Moltner had difficulty

removing the lid to add sugar, and in the course of her efforts spilled the tea on herself, causing

burn injuries which required a skin graft and an extended hospital stay with secondary injuries.

Moltner filed a Complaint on July 31, 2008, in New York State Supreme Court. Pursuant

to New York's CPLR 3017(c), her complaint described her injuries but did not state the amount

of monetary damages sought. Starbucks then Answered the Complaint in State Court and served

a Request for a Supplemental Demand for Relief upon Moltner. Moltner responded on October

21, 2008, seeking an amount in excess of $3 million. Eight days later, on October 29, 2008,

Starbucks removed the action to the U.S. District Court, pursuant to 28 U.S.C. § 1446.

Thereafter, Moltner moved to remand the action back to State Court, asserting that Starbucks'

removal was not timely, because it did not take place within 30 days of its receipt of Moltner's

Complaint.

     28 U.S.C. § 1446(b) provides, in pertinent part, as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the
receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting
forth the claim for relief upon which such action or proceeding is based. If the case stated by the
initial pleading is not removable, a notice of removal may be filed within thirty days after receipt
by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order
or other paper from which it may first be ascertained that the case is one which is or has become
removable, except that a case may not be removed on the basis of jurisdiction conferred by
section 1332 of this title more than 1 year after commencement of the action.

     As Starbucks' removal was filed within eight days of the first paper establishing that the
amount in controversy exceeded $75,000.00, the Southern District denied Moltner's motion for
remand. Moltner, 2009 WL 510879 at *2 (S.D.N.Y February 27, 2009), citing Whitaker v.
American Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001). Moltner appealed the decision; she
argued that if Starbucks applied a reasonable amount of intelligence to its reading of the
description of her injuries in the Complaint, it would have deduced that the amount in
controversy exceeded the jurisdictional threshold. The Appellate Court, however, rejected
Moltner's reasoning and explained in the Whitaker case: "A case is removable when the initial
pleading enables the defendant to intelligently ascertain removability from the face of such
pleading, so that in its petition for removal, the defendant can make a short and plain statement

of the grounds for removal as required by 28 U.S.C. § 1446(a). ... In cases where removal is

based upon diversity, the facts required to support the removal petition include the amount in

controversy and the address of each party. While this standard requires a defendant to apply a

reasonable amount of intelligence in ascertaining removability, it does not require a defendant to

look beyond the initial pleading for facts giving rise to removability. [Whitaker, 261 F.3d at 205-

206.]"  Although the issue in this case is a federal issue based on a bankruptcy filing and not

diversity, the Moltner vs. Starbucks ruling still applies.

Additionally, the appeals court added, "To the extent that our holding in Whitaker does

not foreclose [Moltner's] argument, we now reject it. We join the Eighth Circuit, as well as all of

the district courts in this Circuit to have addressed the issue, in holding that the removal clock

does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies

the amount of monetary damages sought. See In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (per

curiam) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the

initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in

excess of the federal jurisdictional amount."); Quintana v. Werner Enters., Inc., No. 09 Civ.

7771, 2009 WL 3756334 (S.D.N.Y. Nov. 2, 2009); Gourgue v. Red Lobster Rest., No. 07-3072,

2008 WL 822129 (E.D.N.Y. Mar. 26, 2008); Pinson v. Knoll, Inc., No. 07 Civ. 1739, 2007 WL

1771554 (S.D.N.Y. June 18, 2007); Yonkosky v. Hicks, 409 F.Supp.2d 149 (W.D.N.Y. 2005).

Moltner, No. 094943-cv at 4, 6. Thus, the Court, in noting that Moltner's own response to

the Request for a Supplemental Demand for Relief was outside the 15-day window specified in

CPLR 3017(c), affirmed the Order of the District Court in favor of Starbucks.

The rulings of these courts show actual service of a pleading that meets the requirements of 28 U.S.C. § 1446(b) is the trigger which begins the 30 day period for removal. Even though a Plaintiff's State Court complaint may be technically sufficient the 30 day period in which a litigant may remove a cause of action to Federal Court is not triggered where the Complaint fails to state the amount in controversy such that Federal jurisdiction can be determined.

In this case, a bankruptcy protected the defendants from eviction at the time of filing in state court; thus the Complaint was void at the time of filing and a void filing fails to state an amount in controversy. Plaintiff now claims the automatic stay was nullified and they have a right to evict. However, both sides stipulated to a dismissal in federal court already that was reneged on by Plaintiff. Additionally, the motion to nullify the automatic bankruptcy stay was filed in bad faith as Plaintiff was notified of the bankruptcy (See Exhibit "1" for a copy of the certified letter receipt received by Carrington) even though Plaintiff claimed it never was.

Additionally, Plaintiff's counsel acknowledged the bankruptcy via an e-mail, agreed to dismiss the case due to the automatic stay (See Exhibit 2) and Defendants signed an agreement prepared by Plaintiff's counsel to dismiss this case (See Exhibit 3). Plaintiff then used a different attorney to file a motion to nullify the automatic stay in bankruptcy court even though an agreement had already been reached acknowledging the automatic stay and papers were signed to dismiss the eviction case. In consideration of the above this removal has been filed within 30 days of Plaintiff's purported, although improper, claim for eviction, which could only

become active upon the date of the wrongful termination of the automatic stay. Upon removal, Defendants will file a motion to dismiss this case by filing the agreement stipulated to by all parties and the e-mail from Plaintiff's counsel acknowledging the automatic stay was valid.

## STATUTORY REQUIREMENTS – FEDERAL JURISDICTION

3.     This Court has original jurisdiction over this action pursuant to U.S.C. 11 because the issue at hand involves a federal question concerning Defendant Gomez's chapter 13 bankruptcy filing and Plaintiff's attorney acknowledged the bankruptcy was valid and the automatic stay was in place (Exhibit 2).

## PROCEDURAL REQUIREMENTS

5.     Removal to Proper Court. This Court is part of the "district and division" embracing the place where this action was filed—Salt Lake County, Utah.See 28 U.S.C. §§ 1441(a)–(b), 1446(a). Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 125.

7.     Consent to Removal. All named Defendants consent to removal.

8.     Notice. Pursuant to the provisions of 28 U.S.C. § 1446, Defendant will also promptly file with the Clerk of the Third District Court-Salt Lake Division, Salt Lake County, State of Utah, and serve on Plaintiff, a Notice of Removal to Federal Court. A true and correct copy of this Notice of Removal to Federal Court is attached hereto as Exhibit 4.

9.     Pleadings and Process. A copy of the Complaint, and all other pleadings, orders, and

papers received by Defendants, is attached hereto as Exhibit 5.

10.    <u>Bond and Verification.</u> Pursuant to Section 1016 of the Judicial Improvements and

Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.

Pursuant to Section 1016 of the Act, this Notice need not be verified.

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to United States

Code Title 11 as the foreclosure was barred by a federal bankruptcy case at the time of filing;

additionally the motion to nullify the automatic stay was only granted because Plaintiff had

alleged it never knew about the bankruptcy when Plaintiff was actually notified by certified mail.

Accordingly, the claims should be adjudicated in this Court and dismissed in this court, as the

action is properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

DATED this 6th day of April, 2016.

By: Debra Gomez, Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2016, I filed the foregoing NOTICE OF REMOVAL with the Clerk of Court, and mailed of the same on the following via U. S. Mail, postage prepaid to Plaintiff's counsel of record:

Brad Dehaan
Lundberg and Associates
Attorneys for Plaintiff
3269 South Main Street, Suite 100
Salt Lake City, UT 84115

_Debra D. Gomez_
Debra Gomez, Pro Se Defendant