IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA GOMEZ, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-276<br><br>Judge Clark Waddoups |

Before the court is Plaintiff Carrington Mortgage Services' (Carrington's) motion to remand the case to state court. Carrington also asks for an award of the costs and attorney fees incurred in pursuing remand. (Dkt. No. 3). For the following reasons, the court grants Carrington's motion.[1]

## BACKGROUND

This case arises out of Carrington's unlawful detainer action against Defendant Debra Gomez and others. Carrington filed its complaint in Utah State Court on December 28, 2015. Approximately three months later, Ms. Gomez, proceeding pro se,[2] removed the case to the United States District Court for the District of Utah. (Dkt. Nos. 1, 1-5). Ms. Gomez's basis for removal is that this action implicates a federal question because she filed for Chapter 13 bankruptcy prior to the eviction proceedings. (Dkt. No. 1, p. 5–6).

---

[1] Ms. Gomez responded to Carrington's motion, but did not do so within the time permitted. (See Dkt. No. 7). Although it was not timely filed, the court considers Ms. Gomez's response.

[2] Because Ms. Gomez proceeds pro se, the court liberally construes her filings. But the court will not act as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In turn, Carrington filed a motion to remand, asserting that Ms. Gomez's removal was untimely. *See* 28 U.S.C. 1446(a) (requiring a defendant to file a notice of removal thirty-days after receipt of the initial pleading). In the alternative, Carrington contends that even if the removal were timely, federal subject matter jurisdiction is lacking. (*Id.*). Carrington also seeks costs and attorney fees incurred in seeking remand. (*Id.*). The court begins by considering its subject matter jurisdiction before turning to the attorney fees issue.

## ANALYSIS

### A. *Ms. Gomez's removal notice fails to establish federal jurisdiction.*

Even if the court assumes that Ms. Gomez's notice of removal is timely, Ms. Gomez has failed to establish this court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (recognizing that federal courts are courts of limited jurisdiction and therefore "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Thus, remand is required. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064 (2013) (internal quotation marks omitted). But Congress has authorized federal courts to resolve issues arising under federal law, i.e. those implicating a federal question. *See id.* (quoting 28 U.S.C. § 1331) ("Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'"). When

seeking to remove a case to federal court on the basis of a federal question,[3] "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted). In other words, the plaintiff is the "master of the claim" and "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* A defendant cannot evade the plaintiff's choice of forum by attempting to insert issues of federal law into a claim that finds its origins in state statute alone. *See id.* ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense."); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (recognizing that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). Accordingly, in assessing whether Ms. Gomez's removal was proper, the court must consider whether Carrington's complaint presents a federal question. The court concludes it does not.

A case can present a federal question, implicating this court's subject matter jurisdiction, in two ways. *Id.* First, and "[m]ost directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 133 S. Ct. at 1064. Second, where a claim finds its origins in state rather than federal law, the Supreme Court has identified a "special and small category of cases in which arising under jurisdiction still lies." *Id.* (internal quotation marks omitted). To invoke this so-called "substantial question" branch of federal question jurisdiction,

---

[3] Ms. Gomez does not assert diversity of citizenship as a basis for jurisdiction, and, in any event, has failed to plead plausibly that the amount in controversy would be satisfied in this case. (*See* Dkt. No. 1); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 551 (2014) (holding that the requisite amount in controversy must be plausibly alleged, either by the plaintiff or by a defendant seeking removal). The court limits its inquiry to whether this case presents a federal question accordingly. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

the party seeking to establish jurisdiction must show that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065. Here, Carrington's complaint cannot be reasonably interpreted to invoke either basis for federal question jurisdiction.

Indeed, Carrington seeks to evict Ms. Gomez from foreclosed property under Utah's unlawful detainer statute. (Dkt. No. 1-5, p. 17). Nothing in Carrington's complaint implicates federal law directly. Nor is there any indication that Carrington's claims for eviction raise a "substantial question" of federal law. The fact of Ms. Gomez's bankruptcy proceeding or its effect on the eviction proceedings, although perhaps relevant, are not essential to Carrington's claims. *See Gilmore v. Weatherford*, 694 F.3d 1160, 1173 (10th Cir. 2012) ("To determine whether an issue is 'necessarily' raised, the Supreme Court has focused on whether the issue is an essential element of a plaintiff's claim"). To the contrary, Ms. Gomez appears to raise her Chapter 13 bankruptcy filing in an attempt to defend against Carrington's unlawful detainer action. But it is well established that the court's federal question jurisdiction is not implicated in such a circumstance. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (recognizing that "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law"); *see, e.g.*, *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 948 (10th Cir. 2014) (holding that the fact that the defendant intended to raise sovereign immunity as a type of federal defense did "not convert a suit otherwise arising under state law into one . . . aris[ing] under federal law"). For this reason, this case does not arise under federal law and removal was improper. The court remands the matter to state court accordingly.

### B. Carrington is entitled to costs and attorney fees.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Considering Ms. Gomez's notice of removal under these standards, the court finds that Carrington is entitled to costs and attorney fees incurred in seeking remand.

As explained, Supreme Court and Tenth Circuit precedent clearly provide that the court's federal question jurisdiction is not implicated under these circumstances. Ms. Gomez's arguments supporting removal were therefore objectively unreasonable. Ms. Gomez's status as a pro se litigant does not excuse her from the requirement that she refrain from making arguments that are plainly foreclosed by existing precedent, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks and brackets omitted)), nor does her pro se status prevent the court from imposing costs and fees under § 1447(c), *see Topeka Hous. Auth.*, 404 F.3d at 1248. Carrington is therefore entitled to its costs and fees incurred pursuing remand.

## CONCLUSION

Carrington's motion to remand and for attorney fees (Dkt. No. 3) is **GRANTED**. The court remands this case to the state court and directs Carrington to submit briefing as to the amount of costs and fees it incurred seeking remand.

**SO ORDERED** this 12th day of May, 2016.

BY THE COURT:

Clark Waddoups
United States District Court